### SNELLING v. YETTER.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

NEW TRIAL—RESETTLEMENT OF ORDER—EXCEPTIONS.

> Where, on a motion to resettle an order denying a motion for a new trial, made after a dismissal of the complaint on a trial by jury, it appears that plaintiff did in fact take an exception to the dismissal of the complaint, which, though informal, was sufficient, under Code Civ. Proc. § 999, to warrant the hearing and decision of the motion for a new trial on the minutes, the original order should be resettled so as to read that the motion therein referred to was made on plaintiff's exception to the dismissal of the complaint.
>
> Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Abbie E. Snelling against Andrew B. Yetter. From an order denying a motion to resettle an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

L. R. Redfield, for appellant.

J. Ewen, for respondent.

BARRETT, J. As we have held upon the main appeal that the plaintiff took a sufficient exception to the dismissal of the complaint to warrant the hearing and decision of the motion for a new trial upon the trial justice's minutes, we think the order appealed from should be modified so as to permit the fact that such exception was taken to appear therein. The learned counsel for the plaintiff, in his application for a resettlement, asked more than he was entitled to, and specified grounds which were not taken. That, however, does not deprive him of a resettlement as to the ground which actually was taken.

The order denying the motion for a resettlement should therefore be reversed, and an order made resettling the original order so as to read that the motion therein referred to was made upon the plaintiff's exception to the dismissal of the complaint, without costs of this appeal.

RUMSEY, PATTERSON, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I dissent. A formal motion having been made for a new trial at the termination of the trial, a few days subse-

quently the same was argued; the plaintiff stating various grounds upon which he based his motion. This motion was denied, and an order was entered, without notice of settlement, which contained no reference to the grounds stated upon the argument. A motion was made to resettle this order, which motion was denied, and from such denial the present appeal is taken. It will be observed, upon a reference to section 999 of the Code of Civil Procedure, that a motion for new trial, where the complaint has been dismissed, can only be made upon exceptions; and this would be the only ground which could be required to be stated in the order, if such motion had been made upon that ground. It nowhere appears, however, that any exceptions whatever were taken upon the trial which could form a basis of a motion for a new trial. Consequently there was no ground authorized by section 999 which could be stated in the order denying the motion. It is true that the section provides that a motion for a new trial may be made where a verdict is contrary to evidence or contrary to law, but such provision does not apply to a direction dismissing the complaint. In such a case the motion for a new trial, as has been above stated, must be founded upon exceptions; and, there being no exceptions, there was no ground for the motion.